IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD BROWN, | : | CIVIL ACTION |
| *Plaintiffs* | : | |
| | : | |
| v. | : | NO. 26-CV-3610 |
| | : | |
| TORRESDALE HOSPITAL, | : | |
| *Defendant* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO, J.                                                    JULY 6, 2026

Plaintiff Richard Brown, an unrepresented litigant, commenced this action by filing a complaint asserting claims arising from events that occurred during an emergency room visit to Defendant Torresdale Hospital ("Torresdale").[1]  Currently before the Court are Brown's *Motion for Leave to Proceed In Forma Pauperis* (ECF No. 1) and Complaint ("Compl." (ECF No. 2)), in which he asserts claims against Torresdale.  For the reasons set forth, Brown's motion for leave to proceed *in forma pauperis* is granted, his constitutional claims are dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and his state law claims are dismissed for lack of subject matter jurisdiction.

**I.      FACTUAL ALLEGATIONS[2]**

Brown alleges that the events giving rise to his claim occurred on June 23, 2025.  (Compl. at 4.)  At approximately 6 p.m., Brown arrived at Torresdale by ambulance suffering from heat

---

[1]      The Court understands Brown to be referring to Jefferson Torresdale Hospital, a non-profit hospital that is part of the Jefferson Health network.  *See*  https://www.jeffersonhealth.org/locations/torresdale-hospital (last accessed July 2, 2026).

[2]      Unless otherwise indicated, the factual allegations set forth in this Memorandum are taken from Brown's Complaint (ECF No. 2).  The Court adopts the pagination supplied by the CM/ECF docketing system.  Where appropriate, grammar, spelling, and punctuation errors in Brown's pleadings will be corrected for clarity.

exhaustion. (*Id*.) He arrived at the Emergency Room waiting area, where he waited for medical attention until 11 p.m. (*Id*.) While he waited, he was not provided with food or water, his vital signs were not checked, and he was not provided with intravenous ("IV") fluids. (*Id*.) When Brown stood up to use the bathroom, he collapsed. (*Id*.) A male nurse helped him to sit up and held him up by the shoulders, stating "What did you do Mr. Homeless fall asleep in the chair and fall out of the chair?" (*Id*.) A female nurse then helped Brown into a wheelchair and took him to the treatment area, where he received IV fluids and an MRI study. (*Id*.) He claims that he developed Bell's Palsy on the right side of his face as a result of these events and will require surgery to repair his right eyelid so that it will close properly. (*Id*. at 5.)

Brown alleges that a doctor at Torresdale told him that he suffered a heat stroke because he was not provided with IV fluids immediately upon arriving at the Emergency Room. (*Id*. at 7.) He claims that the hospital staff discriminated against him because he is homeless. (*Id*.) He also claims that the hospital staff was negligent and that their conduct constituted malpractice. (*Id*.) As relief, Brown requests that the Emergency Room nurse he first encountered lose her license for failing to provide water and IV fluids immediately. (*Id*. at 5.) He also seeks money damages. (*Id*.)

## II.    STANDARD OF REVIEW

The Court will grant Bown leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the court is required to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the court to determine whether the

complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 560 U.S. 544, 556 (2007)). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in Plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197, 204 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because Brown is proceeding *pro se*, the Court construes his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Mala*, 704 F.3d at 245; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per curiam*) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the *pro se* litigant mentioned it by name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

Furthermore, the Court must dismiss the Complaint if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua*

*sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.") (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).  "Jurisdictional [issues] . . . may be raised at any time and courts have a duty to consider them *sua sponte*."  *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (internal quotations omitted).

## III.   DISCUSSION

### A.   *Section 1983 Claims*

Brown claims that Torresdale "discriminated" against him and did not provide adequate medical treatment because he is homeless.  (Compl. at 7.)  Construed liberally, he may be seeking to assert an equal protection claim.  42 U.S.C. § 1983 is the vehicle by which federal constitutional claims may be brought in federal court.  "Section 1983 provides a civil remedy for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws.'"  *Halsey v. Pfeiffer,* 750 F.3d 273, 290 (3d Cir. 2014) (quoting 42 U.S.C. § 1983); *see also Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir. 2005) (explaining § 1983 "is not itself a source of substantive rights, but [rather] a method for vindicating federal rights elsewhere conferred." (quoting *Baker v. McCollan,* 443 U.S. 137, 145 n. 3 (1979))).  To state a claim under § 1983, a plaintiff must demonstrate "that the defendants, acting under color of law, violated the plaintiff's federal constitutional or statutory rights, and thereby caused the complained of injury."  *Karns v. Shanahan,* 879 F.3d 504, 520 (3d Cir. 2018) (quoting *Elmore,* 399 F.3d at 281); *see also Halsey,* 750 F.3d at 290 ("To state a claim under section 1983, a plaintiff must demonstrate that 'some person has deprived him of a federal right ... [and] that the person who has deprived him of that right acted under color of state or territorial law.'" (quoting *Gomez v. Toledo,* 446 U.S. 635, 640 (1980))).  "The color of state law

element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995).

Whether a defendant is acting under color of state law - *i.e.*, whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted). "Action taken by private entities with the mere approval or acquiescence of the State is not state action." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999). Rather, to support a finding of state action, "the government must be 'responsible for the specific conduct of which the plaintiff complains.'" *Borrell v. Bloomsburg Univ.*, 870 F.3d 154, 160 (3d Cir. 2017) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)).

Brown has not alleged facts to support a plausible conclusion that Torresdale's conduct satisfies any of the foregoing tests, and nothing in his Complaint suggests any factual or legal basis for concluding that Torresdale is a state actor subject to liability under § 1983. *See Nicastro v. Frankford*, No. 03-3937, 2004 WL 86658, at *2-*3 (E.D. Pa. Jan. 19, 2004) (granting motion to dismiss Eighth and Fourteenth Amendment claims because Frankford Torresdale Hospital and related defendants were not state actors) (citations omitted). Because Torresdale is not a state actor, Brown's constitutional claims against it are not plausible and are dismissed. Because any

attempt to cure this deficiency would be futile, the dismissal is with prejudice. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002).

### B. State Law Claims

Because the Court has dismissed Brown's federal claim, this Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims Brown seeks to pursue. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Benefit Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). A non-profit corporation is a citizen of both its state of incorporation and principal place of business. *See SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 202 (3d Cir. 2022). It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Brown does not allege the citizenship of any of the parties.  He alleges that he is homeless and provides a Philadelphia mailing address for himself.  (Compl. at 2, 7.)  He also provides a Philadelphia address for Torresdale, which suggests that both parties may be Pennsylvania citizens and, therefore, are not diverse.  Accordingly, Brown has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue, and these claims will be dismissed for lack of subject matter jurisdiction.

## IV.    CONCLUSION

For the foregoing reasons, the Court grants Brown leave to proceed *in forma pauperis*, dismisses his constitutional claims with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and dismisses any state law claims he seeks to assert without prejudice for lack of subject matter jurisdiction,

An appropriate Order accompanies this Memorandum.

*NITZA I. QUIÑONES ALEJANDRO, J.*